UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LYNN GISELE KING,

   *Plaintiff*,

v.

UNITED STATES OF AMERICA,

   *Defendant*.

Civil Action No. 23-3512 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Lynn Gisele King served as a registered nurse at the Washington, D.C. Veterans Affairs Medical Center (DCVAMC) for three years. During her time there, two other DCVAMC employees touched or grabbed her without her consent. She sued them for assault and battery in the Superior Court of the District of Columbia. The United States removed the case to this Court and filed a Westfall Act certification pursuant to 28 U.S.C. § 2679(d)(1), substituting itself as the defendant for all claims against both of the employees. The United States now moves to dismiss for lack of subject matter jurisdiction, invoking the doctrine of sovereign immunity. Although the Court recognizes the real harms alleged by Ms. King, it has no authority to hear this lawsuit or grant relief. The Court thus grants the Defendant's motion and dismisses the case.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Ms. King began working at DCVAMC as a registered nurse on March 1, 2021. Am. Compl. at 1, ECF No. 5. In early 2023, Tanya Chapman, the Patient Safety Manager at DCVAMC, submitted a report to the Nursing Professional Standards Board (NPSB) about

Ms. King that caused Ms. King to be denied a promotion. *Id.* In response, Ms. King filed a grievance against Ms. Chapman with the Equal Employment Opportunity Commission. *See id.* On May 18, 2023, Ms. Chapman hit Ms. King on her left shoulder. *Id.* Ms. King told Ms. Chapman to not touch her. *Id.* On June 12, 2023, Dr. Patricia Crawford, who was the NPSB Chairperson and the Chief Nurse of Mental Health at DCVAMC, squeezed the back of Ms. King's neck and shook her head. Am. Compl. at 2. Then, on June 27, 2023, Ms. Chapman hit Ms. King on her left wrist. *Id.*

On October 25, 2023, Ms. King filed a complaint against Ms. Chapman in the Superior Court of the District of Columbia. ECF No. 1-2. On November 22, 2023, the United States submitted a certification substituting itself as the defendant pursuant to 28 U.S.C. § 2679(d). ECF No. 1 & 1-3. On that same day, the United States removed the case to federal court. ECF No. 1. On September 12, 2024, Ms. King filed an Amended Complaint, which named Ms. Chapman, Dr. Crawford, and the United States as defendants. Am. Compl. at 2–3. On December 17, 2024, the United States submitted another certification pursuant to 28 U.S.C. § 2679(d), this time substituting itself as the defendant for Dr. Crawford. ECF No. 12. On March 21, 2025, the United States moved to dismiss Ms. King's Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Def.'s Mot. Dismiss, ECF No. 16. The motion is fully briefed and ripe for review. *See* Pl.'s Opp'n, ECF No. 18; Def.'s Reply, ECF No. 19.

## LEGAL STANDARD

"When a defendant brings a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear [her] claims." *Hill v. U.S. Dep't of Interior*, 699 F. Supp. 3d 1, 12 (D.D.C. 2023) (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); and then citing *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir.

2000)). And "[b]ecause the court may not address the plaintiff's claims without subject-matter jurisdiction, a motion to dismiss under Rule 12(b)(1) [also] imposes an affirmative obligation on the court to ensure that jurisdiction is proper." *Himex Co. v. United States*, 17 F. Supp. 3d 77, 79 (D.D.C. 2014). In reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), courts "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

## DISCUSSION

The United States contends that the Court lacks subject-matter jurisdiction over this case because of the doctrine of sovereign immunity. Def.'s Mot. Dismiss at 3. "Under the doctrine of sovereign immunity, the United States is immune to suit unless Congress has expressly waived the defense of sovereign immunity by statute." *Stone v. HUD*, 959 F. Supp. 2d 59, 62–63 (D.D.C. 2012). "Sovereign immunity 'goes to the subject matter jurisdiction of the court.'" *Kemper v. U.S. Dep't of Educ.*, 285 F. Supp. 3d 145, 148 (D.D.C. 2018) (quoting *Delta Foods Inc. v. Republic of Ghana*, 265 F.3d 1068, 1071 (D.C. Cir. 2001)). The Court agrees that the doctrine of sovereign immunity prevents the Court from exercising jurisdiction over this case.

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, "allows those injured by federal employees to sue the United States for damages." *Martin v. United States*, 145 S. Ct. 1689, 1695 (2025). "The statute achieves that end by waiving, in 28 U.S.C. § 1346(b), the federal government's sovereign immunity for 'certain torts committed by federal employees acting within the scope of their employment.'" *Id.* (quoting *Brownback v. King*, 592 U.S. 209, 212 (2021)). But that waiver "is subject to 13 exceptions that claw back the government's immunity in certain circumstances," including, as relevant here, the so-called intentional-tort exception. *Id.* "Located

in subsection (h) of [28 U.S.C.] § 2680, it prohibits claims alleging any of 11 enumerated torts." *Id.* And "assault" and "battery" are two of those enumerated torts. 28 U.S.C. § 2680(h).

Here, because Ms. King's claims are against the United States, she must demonstrate that the Court may hear this suit despite the doctrine of sovereign immunity. Her Amended Complaint, however, alleges straightforward common-law battery claims. Am. Compl. at 1 (alleging that Ms. King was subject to three instances of "intentional offensive and unwelcome assaultive touching"). The FTCA's intentional-tort exception expressly names "[a]ny claims arising out of . . . battery" as a claim that may not proceed against the United States.[1] 28 U.S.C. § 2680(h). Thus, insofar as they are asserted against the United States, Ms. King's claims are barred by the doctrine of sovereign immunity.

Ms. King does not appear to disagree that sovereign immunity shields the United States, but she argues that immunity does not protect Ms. Chapman and Dr. Crawford because they were not acting within the scope of their employment when they allegedly touched her. Pl.'s Opp'n at 1. Ms. King correctly assesses that Ms. Chapman and Dr. Crawford's relationship to their employer, the federal government, is important to the question of whether they can be sued separately from the United States. The Westfall Act, 28 U.S.C. § 2679, provides that a lawsuit against the United States is the "exclusive" remedy for injury from any "negligent or wrongful act or omission of any employee of the Government." But the Westfall Act only shields government employees if the

---

[1] The intentional-tort exception is itself subject to an exception, the so-called law enforcement proviso. *Martin v. United States*, 145 S. Ct. 1689, 1695 (2025). "That proviso countermands the [intentional-tort] exception with respect to six intentional torts (including assault, battery, false imprisonment, and false arrest) against 'investigative or law enforcement officers.'" *Id.* (quoting 28 U.S.C. § 2680(h)). Nothing in the Amended Complaint, however, indicates that Ms. Chapman or Dr. Crawford were investigative or law enforcement officers, which the statute defines as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

4

employee acted "within the scope of his office or employment" when committing the allegedly tortious conduct. *Id.*

In this case, the United States has submitted certifications pursuant to the Westfall Act—one in the Superior Court for the District of Columbia, ECF No. 1-3, and one in this Court, ECF No. 12-1—which express the Department of Justice's view that Ms. Chapman and Dr. Crawford were acting within the scope of their employment when committing the acts alleged in Ms. King's Amended Complaint. The Westfall Act provides that when the Attorney General certifies that a defendant employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the "United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d). These certifications carry "a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the defendant." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008).

"A plaintiff may request judicial review of the Attorney General's scope-of-employment determination," as Ms. King did in this case. *Osborn v. Haley*, 549 U.S. 225, 246 (2007); *see* Pl.'s Opp'n at 1. "To rebut the certification, the plaintiff must allege, in either the complaint or a subsequent filing, specific facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013) (cleaned up). "To determine whether an employee was acting within the scope of employment under the Westfall Act," the Court must "apply the respondeat superior law [of] the state in which the alleged tort occurred." *Wilson*, 535 F.3d at 711. The applicable law here is District of Columbia law, which "defines the scope of employment in accordance with the Restatement (Second) of Agency (1958) ('Restatement')." *Id.* Accordingly, an employee's conduct is within the scope of their employment "if, but only if:"

5

>    (a) it is of the kind he is employed to perform;
>
>    (b) it occurs substantially within the authorized time and space limits;
>
>    (c) it is actuated, at least in part, by a purpose to serve the master, and
>
>    (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

*Id.* (quoting Restatement § 228(1)). The District of Columbia, like many states, applies "the scope-of-employment test very expansively." *Jacobs*, 724 F.3d at 221 (quoting *Harbury v. Hayden*, 522 F.3d 413, 422 n.4 (D.C. Cir. 2008)). So expansively, in fact, that "[t]he scope-of-employment test often is akin to asking whether the defendant merely was on duty or on the job when committing the alleged tort." *Id.* (quoting *Harbury*, 522 F.3d at 422 n.4).

The allegations in Ms. King's Amended Complaint are insufficient to overcome the presumption that Ms. Chapman and Dr. Crawford's challenged conduct was within the scope of their employment. The Amended Complaint indicates that the incidents occurred at DCVAMC and arose out of work-related disputes. *See* Am. Compl. at 1–2. Moreover, the Amended Complaint itself states: "In all 3 of these assaultive incidents, both **Chapman** and **Crawford** were federal employees, acting within the scope of their employment with the **DCVAMC**, a hospital of the Defendant **U.S.A.** federal government." *Id.* at 2 (emphases in original). These allegations support, rather than rebut, the presumption created by the Department of Justice's certifications. Accordingly, even making every inference in her favor, Ms. King has failed to allege "specific facts," *Jacobs*, 724 F.3d at 220, supporting that Ms. Chapman and Dr. Crawford's conduct falls outside the District of Columbia's "very expansive[]" understanding of an employee's scope of employment, *id.* at 221 (quoting *Harbury*, 522 F.3d at 422 n.4). *See also Johnson v. McCool*, 808 F. Supp. 2d 304, 306 n.1 (D.D.C. 2011) (explaining that the Department of Justice's certification pursuant to the Westfall Act "shifts to the Plaintiff" the burden "to raise a material dispute

6

regarding the substance of the certification" (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (cleaned up)).

In sum, Ms. King has not done enough to dispute the United States' substitutions as the defendant for Ms. Chapman and Dr. Crawford, and the doctrine of sovereign immunity shields the United States from suit. In dismissing Ms. King's lawsuit, the Court does not condone the violence she alleges she suffered while serving at DCVAMC. But because the Court lacks jurisdiction to hear Ms. King's claims, it may not grant her relief.[2]

## CONCLUSION

For the foregoing reasons, the Court grants the United States' Motion to Dismiss, ECF No. 16.

A separate order will issue.

                                                                                    _____
                                                                                    SPARKLE L. SOOKNANAN
                                                                                    United States District Judge

Date:   August 28, 2025

---

[2] The Court does not address the United States' argument that the Court also lacks jurisdiction because Ms. King did not exhaust administrative remedies under the FTCA. Def.'s Mot. Dismiss at 5–6; *see, e.g.*, *Steinberg v. Republic of Sudan*, No. 20-cv-2996, 2023 WL 2682369, at *4 n.7 (D.D.C. Mar. 29, 2023) (declining to address alternative arguments after concluding that the court lacked subject-matter jurisdiction).